# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANGEL OCHOA, | ) | 1:07-cv-00208-AWI-JLT HC |
| Petitioner, | ) | |
| v. | ) | ORDER DENYING CERTIFICATE OF APPEALABILITY |
| K. MENDOZA-POWERS, | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On November 24, 2008, after the issues herein had been fully briefed by the parties, the case was reassigned to a visiting United States District Judge, Hon. William W. Schwarzer. (Doc. 15). On April 16, 2009, Judge Schwarzer issued an order denying the petition on its merits and entering judgment. (Docs. 16 & 17). However, Judge Schwarzer's order did not address the question of either issuing or denying issuance of a certificate of appealability. Thereafter, Petitioner appealed the final order to the United States District Court for the Ninth Circuit. (Doc. 18). Due to Judge Schwarzer's retirement from the bench, the case was reassigned to United States District Judge Anthony W. Ishii and Magistrate Judge Jennifer L. Thurston on February 3, 2010.

On September 2, 2010, the Ninth Circuit issued an order remanding the case to this Court

for the limited purpose of either granting or denying a certificate of appealability. (Doc. 24). The Ninth Circuit's order requires that, should this Court grant the certificate of appealability, the order must "specify which issue or issues meet the required showing." (Id., p. 2). If the Court denies issuance of a certificate of appealability, the Court's order "should state its reasons why a certificate of appealability should not be granted...." (Id.).

The requirement that a petitioner seek a certificate of appealability is a gate-keeping mechanism that protects the Court of Appeals from having to devote resources to frivolous issues, while at the same time affording petitioners an opportunity to persuade the Court that, through full briefing and argument, the potential merit of claims may appear. Lambright v. Stewart, 220 F.3d 1022, 1025 (9th Cir. 2000). However, a state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003). The controlling statute, 28 U.S.C. § 2253, provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
>   (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>   (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

Accordingly, final orders issued by a federal district court in habeas corpus proceedings are reviewable by the circuit court of appeals, and, in order to have final orders reviewed, a petitioner must obtain a certificate of appealability. 28 U.S.C. § 2253. This Court will issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition

should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (*quoting* Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

     In the present case, the Court has reviewed Judge Schwarzer's final order denying Petitioner's three due process claims arising out of the February 2006 denial of parole suitability by the Board of Parole Hearings ("BPH"). After careful consideration, the Court concludes that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find it debatable that Petitioner has not shown an entitlement to federal habeas corpus relief based on the BPH's 2006 decision.

     Accordingly, the Court hereby ORDERS that Petitioner's request for a certificate of appealability is DENIED.

IT IS SO ORDERED.

Dated: September 17, 2010

CHIEF UNITED STATES DISTRICT JUDGE